UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATHANIEL MARCH,

      Petitioner,

v.                                             Case No: 6:14-cv-1951-Orl-31KRS
                                                    (6:13-cr-57-Orl-31KRS)

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER

This cause is before the Court on the Order of Remand entered by the Eleventh Circuit Court of Appeals on June 22, 2018.[1] (Doc. 46).

### I. PROCEDURAL BACKGROUND

After conducting an evidentiary hearing, the Court entered an Order (Doc. 33) dismissing Petitioner's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) and a corresponding Judgment (Doc. 34). Petitioner did not file a notice of appeal, but he later filed a Motion to Reopen the Time to File An Appeal ("Motion to Reopen," Doc. 36), which the Court denied. (Doc. 40). Petitioner appealed the denial of the Motion to Reopen, and the Government filed a Motion to Remand, which the Eleventh Circuit Court of Appeals granted. (Doc. 46).

The Court directed the parties to file memoranda of law and applicable evidence demonstrating whether the period of time to file a notice of appeal should be reopened.

---

[1] The Mandate was issued on the same date.

As a result, the Government filed a Memorandum of Law (Doc. 48), and Petitioner filed a Memorandum of Law In Support of Motion to Reopen Appeal Period Pursuant to Rule 4(a)(6) of Fed. R. App. P. (Doc. 49).

## II. ANALYSIS

The Court entered its Order (Doc. 33) dismissing Petitioner's Motion to Vacate on March 3, 2017, and the corresponding Judgment (Doc. 34) was dated March 6, 2017.[1] On August 31, 2017,[2] Petitioner filed the Motion To Reopen, requesting that he be permitted to pursue a belated appeal. Petitioner stated that his counsel failed to provide him with copies of the March 3, 2017, Order and the Judgment and that, on August 16, 2017, he filed a Notice of Inquiry (Doc. 35) seeking information about the status of the case. (Doc. 36 at 2). On August 16, 2017, the Clerk's Office sent Petitioner a copy of the Order and Judgment. (Doc. 35). It appears that this is the means by which Petitioner was first notified of the Court's entry of judgment against him.

Petitioner requested the Court "reopen the time to file an appeal since the court may reopen the time to file an appeal for a period of 14 days after the date when it's [sic] order to reopen is entered because all the following conditions are met." (Doc. 36 at 2).

---

[1] Although the Judgement was dated March 6, 2017, it was entered by the Clerk's Office in the Court's CM/ECF system on March 3, 2017.

[2] "Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (quotations omitted). Petitioner informed the Court that he mailed the instant motion on August 31, 2017. (Doc. 38 at 1)

The Court denied the Motion to Reopen because more than 180 days had elapsed since the Judgment was entered. (Doc. 40 at 3).

The exclusive avenue for seeking such relief is under Federal Rule of Appellate Procedure 4(a)(6). *See Vencor Hospitals, Inc. v. Standard Life and Accident Insurance Co.,* 279 F.3d 1306, 1311 (11th Cir. 2002) ("we conclude Rule 4(a)(6) provides the exclusive method for extending a party's time to appeal for failure to receive actual notice that a judgment or order has been entered."). Rule 4(a)(6) provides as follows:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, ***whichever is earlier***; and
>
> (C) the court finds that no party would be prejudiced.

(Emphasis added).

After review of the parties' Memoranda of Law, the Court finds that the Order denying the Motion to Reopen should be reconsidered and that the Motion to Reopen should be granted. First, the Court finds that Petitioner did not receive notice of entry of the Judgment within twenty-one days after entry. Second, as the Government points out, the Judgment was dated March 6, 2018, and, therefore, only 178 days elapsed between the date of the Judgment and the filing of the Motion to Reopen. Finally, the Government

3

states that it "does not believe that it would be prejudiced by the district court's reopening of the appeal period." (Doc. 48 at 5).

The Court finds, therefore, that Petitioner has satisfied the requirements of Rule 4(a)(6) to reopen the time to file his appeal.[3] Petitioner is advised, however, that, under Rule 4(a)(6), the Court may only reopen the filing period for fourteen days. Petitioner's failure to file a notice of appeal within that time period may foreclose him from pursuing an appeal in this case.

### III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Motion to Reopen the Time to File An Appeal (Doc. 36) is **GRANTED**, and the Court's prior Order (Doc. 40) denying the motion is **VACATED**.

2. Petitioner may file his notice of appeal within 14 days from the date when this Order is entered.

3. The Clerk of the Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on August 2, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party
OrlP-2 8/2

---

[3] The Court notes that the Eleventh Circuit Court of Appeals, in its Order of Remand, directed its Clerk "to close the file on this appeal." (Doc. 46 at 2). It appears, therefore, that Petitioner will be initiating new appellate proceedings.

4